IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-427 |
| IVAN BROWN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Defendant Ivan Brown was sentenced to a period of 123 months' imprisonment on May 10, 2017 after he pleaded guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 36.) Brown has now filed a letter requesting compassionate release so that he may care for his ill father. (ECF No. 39.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the request is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In his letter, Brown does not claim that he has made the necessary request to the warden of his facility. Nor does he attach any records

1

verifying that he made such a request. As such, his request for compassionate release (ECF No. 39) is DENIED without prejudice.[1]

DATED this 18th day of December, 2020.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] Brown may renew his motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Any renewed submission should include: (1) documentation proving that Brown has exhausted his administrative remedies; (2) documentation supporting his claims regarding his family members; and (3) an explanation of why he believes the § 3553(a) factors permit his release. The Court notes that, given the seriousness of the criminal conduct to which Brown stipulated, the Court finds it highly unlikely that the § 3553(a) factors would allow his release at this time.